UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DOROTHY FIGUROWSKI,

                                                                           Index No. 2:14-cv-07032-JS-AKT

                     Plaintiff,               **AMENDED**
                                                                         **JOINT PRE-TRIAL ORDER**

    -against-

MARBIL INVESTORS, LLC.,
WILLIAM J. CHRISTIE, EMMETT CHRISTIE,
and BARBARA LIEB, as aider and abettor

                     Defendants.
------------------------------------------------------------x
ROGER FIGUROWSKI,

                                                                          Index No. 2:14-cv-07034-JS-AKT

                     Plaintiff,

    -against-

MARBIL INVESTORS, LLC.,
WILLIAM J. CHRISTIE, EMMETT CHRISTIE,
and BARBARA LIEB, as aider and abettor

                     Defendants.
------------------------------------------------------------x

## TRIAL COUNSEL

**Plaintiffs' Counsel**

Anthony V. Merrill, Esq;
Neil M. Frank, Esq.
Patricia Boland Esq.
Frank & Associates, P.C.
500 Bi-County Blvd., 465
Farmingdale, New York 11735
Tel: (631) 756-0400
Fax: (631) 756-0547
E-mail: amerrill@laborlaws.com
        nfrank@laborlaws.com
        pboland@laborlaws.com

**Defendants' Counsel**

Frank W. Brennan, Esq.
Forchelli, Curto, Deegan,
Schwartz, Mineo & Terrana, LLP
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
516-248-1700
fbrennan@forchellilaw.com

Gregory S. Lisi, Esq.
Forchelli, Curto, Deegan,
Schwartz, Mineo & Terrana, LLP
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
516-248-1700
glisi@forchellilaw.com

## SUBJECT MATTER JURISDICTION

In regard to Dorothy Figurowski's claims, the Court has jurisdiction over this action pursuant to 29 U.S.C. § 201 *et seq*. and 28 U.S.C. § 1331 supplemental jurisdiction over Dorothy Figurowski's state law claims pursuant to 28 U.S.C. § 1367. Dorothy Figurowski's claims arise under federal question jurisdiction as she alleges her rights were violated pursuant to the Fair Labor Standards Act 29 U.S.C. §207 ("FLSA"), and New York State Labor Law §650 ("NYLL"), for failure to pay proper minimum and overtime wages. Plaintiff also brings this action for *quantum meriut* under New York common law.

In regard to Roger Figurowski's claims, the Court has jurisdiction over this action pursuant to 29 U.S.C. §621 and 28 U.S.C. § 1331 supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's claims arise under federal question jurisdiction as he alleges his rights were violated pursuant to the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. §621. Plaintiff's state claims arise under the New York State Human Rights Law ("NYSHRL"), NY Exec. Law § 296 et seq. Plaintiff also brings this action for breach of contract under New York common law.

**Defendants' Claim of Lack of Subject Matter Jurisdiction**

In regard to Dorothy Figurowski's claims, the Defendants are not statutory employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, thus this Court should dismiss the Plaintiff's complaint and should not exercise jurisdiction in the instant matter. Similarly, the Defendants are not an "enterprise engaged in commerce." 29 U.S.C. § 203(s)(1)(A)(i)-(ii), thus this Court should dismiss the Plaintiff's complaint and should not exercise jurisdiction in the instant matter.

In regard to Roger Figurowski's claims, the Plaintiff has failed to state, failed to set forth a prima facie case and cannot support a claim of age discrimination and or retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 et seq., thus this Court should dismiss the Plaintiff's complaint and should not exercise jurisdiction in the instant matter. Similarly, Plaintiff has failed to set forth a prima facie case and cannot support a claim of age discrimination and or retaliation under the New York State Human Rights Law ("NYSHRL"), NY Exec. Law § 296 et seq., thus this Court should dismiss the Plaintiff's complaint and should not exercise supplemental jurisdiction over Plaintiff's state law claims in the instant matter. The Plaintiff has failed to state a claim for New York State common law

breach of contract, failed to allege that he fully performed and cannot support a claim for New York State common law breach of contract, thus this Court should dismiss the Plaintiff's complaint and should not exercise supplemental jurisdiction over Plaintiff's state law claims in the instant matter.

## CLAIMS FOR RELIEF

Plaintiff Dorothy Figurowski brings this action pursuant to the FLSA and NYLL, because Defendants failed to pay her proper wages throughout her employment. Specifically, Defendants failed to compensate her for any hours worked and only paid her a $200.00 "bonus" each time she rented out an apartment.

Plaintiff Roger Figurowski brings this action pursuant to the ADEA and NYSHRL, because his employment was unlawfully terminated due to his age. Plaintiff Roger Figurowski also claims Defendants breached their contract with him by unlawfully terminating his employment.

**Defendants Claims and Defenses to be Tried**

In regard to Dorothy Figurowski's claims, the Defendants are not statutory employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Defendants are not an "enterprise engaged in commerce." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). The Plaintiff Dorothy Figurowski was a volunteer who, without promise or expectation of compensation, but solely for her own personal purpose of concealing that her husband was no longer qualified for the position he held with the Defendant Marbil. The Plaintiff Dorothy Figurowski is not owed any wages or any other monies for any hours worked or services rendered to the Defendants. The Plaintiff Dorothy Figurowski was not an employee of the Defendants and, thus, the Defendants were not required to maintain payroll records for the Plaintiff Dorothy Figurowski under Section 195 of the New York Labor Law. The Plaintiff Dorothy Figurowski did not engage in any protected activity and did not do so while the Plaintiff Dorothy Figurowski was an employee of the Defendants. The Plaintiff Dorothy Figurowski not was not subject to any retaliation as a result of having engaged in any protected activity and did not engage in any such purported activity while the Plaintiff Dorothy Figurowski was an employee of the Defendants. The purported retaliatory acts alleged by Plaintiff Dorothy Figurowski do not rise to the level of an adverse employment action to support a claim for retaliation. The Plaintiff Dorothy Figurowski's quantum meruit claim is frivolous as the Plaintiff Dorothy Figurowski has an adequate statutory remedy.

In regard to Roger Figurowski's claims, the Plaintiff was not subject to any age discrimination or any adverse employment action resulting in any discriminatory animus due to the Plaintiff's age. The Defendants further maintain that they had a legitimate non-discriminatory reason for terminating the Plaintiff's employment as the Plaintiff was no longer qualified for his position and was engaging in theft of corporate assets and services. Furthermore, the Plaintiff did not engage in any protected activity while the Plaintiff was an employee and was not subject to any retaliation as a result of having engaged in any protected activity while the Plaintiff was an employee and any purported retaliatory acts alleged by Plaintiff preceded the Plaintiff's alleged engagement in any purported protected activity and such acts and/or omissions do not rises to the

level of an adverse employment action to support a claim for retaliation. Finally, the Defendants further maintain that the Plaintiff Roger Figurowski failed to perform all of his contractual obligations in vacating the apartment by removing fixtures and, thus breached any agreement by which he was to receive any further severance payments from the Defendants.

## JURY/ LENGTH OF TRIAL

Plaintiffs requests that this action is to be tried before a jury. We estimate this trial will take four (4) days.

## JUDGE/MAGISTRATE JUDGE

The parties do not consent to a trial before a Magistrate Judge.

## STIPULATION OF FACTS/ LAW

The parties have not stipulated to any facts or law.

## WITNESSES

Plaintiffs anticipate calling the following witnesses:

1.      Roger Figurowski- c/o Frank & Associates, P.C. Mr. Figurowski will testify as to the days and amount of hours Plaintiff worked, her job duties, her job performance, her length of employment, and her bonuses received by Defendants.

2.      Dorothy Figurowski- c/o Frank & Associates, P.C. Mrs. Figurowski will testify as to the days and amount of hours she worked, all emails she sent in correspondence to her employment, the lack of wages she received and bonuses she received for renting out apartments.

Plaintiff reserves the right to call any and all of Defendants' witnesses in any order. Plaintiffs do not intend to call an expert witness.

**Defendants' Witnesses**

| 1 | Defendant Mr. Emmett P. Christie | Mr. Christie, as a Defendant and as owner's representative for Defendant, Marbil Investors, LLC, in regard to the Greenbrier Luxury Garden Apartments, shall testify as to the Plaintiffs employment; lack of qualification to hold the | | |
|---|---|---|---|---|

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | position of superintendent; termination; unlawful and dangerous occupation of non-residential areas; unlawful, unauthorized and dangerous occupation of apartment 311-3; theft of services and utilities; Plaintiffs failure to perform all of the obligations required under any purported severance agreement; the lack of any discriminatory animus based upon Plaintiffs age; lack of any retaliation based upon Plaintiffs counsel's complaint of age discrimination; lack of any intent, act and or omission by Barbara Lieb to aid and abet any retaliatory acts resulting from Plaintiffs counsel's complaint of age discrimination. |   |   |
| 2 | Defendant Mr. William J. Christie | Mr. Christie, as a Defendant and as owner's representative for Defendant, Marbil Investors, LLC, in regard to the Greenbrier Luxury Garden Apartments, shall testify as to the Plaintiffs employment; lack of qualification to hold the position; termination; unlawful, unauthorized and dangerous occupation of apartment 311-3; theft of services and utilities; unlawful and dangerous occupation of non-residential areas; Plaintiffs failure to perform all of |   |   |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | the obligations required under any purported severance agreement; the lack of any discriminatory animus based upon Plaintiffs age; lack of any retaliation based upon Plaintiffs counsel's complaint of age discrimination; lack of any intent, act and or omission by Barbara Lieb to aid and abet any retaliatory acts resulting from Plaintiffs counsel's complaint of age discrimination. |   |   |
| 3 | Defendant, Barbara Lieb | Ms. Lieb, as a Defendant, and as Defendant, Marbil Investors, LLC's, property manager, shall testify as to the Plaintiffs lack of employment by the Defendants; unauthorized and dangerous occupation of apartment 311-3; theft of services and utilities; unlawful and dangerous occupation of non-residential areas and the securing the door to and access granted to the basement storage/laundry room that the Plaintiffs, were occupying without paying rent. |   |   |
| 4 | Defendant, Marbil Investors LLC's, Employee Mr. James Bagger | Mr. James Bagger, as the Defendant, Marbil Investors, LLC's, replacement superintendent shall testify as to the securing the door to and access granted to the basement |   |   |

| | | storage/laundry room that the Plaintiffs, was occupying without paying rent. | | |
|---|---|---|---|---|

Defendants reserve the right to call any and all of Plaintiffs' witnesses in any order.

## **DEPOSITION DESIGNATIONS**

*Plaintiffs' Statement:*

Plaintiffs does not intend to offer deposition testimony in support of their case in chief, but reserve the right to do so, should a witness become unavailable or if needed to impeach a witness.

**Defendants' Deposition Transcript Identification**

| # | Name Of Witness | Transcript Page Identification | Objection | Basis for Objection |
|---|---|---|---|---|
| 1 | Roger Figurowski | Page 12, line 13 through Page 13, line 8 | Relevance | |
| | | Page 13, line 21 through Page 14, line 13 | | |
| | | Page 14, lines 3 - 16 | | |
| | | Page 15, line 9 through Page 17 line 25 | | |
| | | Page 20, line 4 through Page 22 line 14 | Relevance, prejudice | |
| | | Page 22, line 7 - 14 | Relevance | |
| | | Page 43, line 5 through Page 44, Line 8 | | |
| | | Page 44, line 5-11 | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Page 44, lines 13 through 17 |  |  |
|  |  | Page 79, line 22 - 25 |  |  |
|  |  | Page 81, line 12-23 |  |  |
|  |  | Page 82 line 24 through Page 85, line 20 |  |  |
|  |  | Page 84, line 2-22 | Relevance |  |
|  |  | Page 85, line 2-25 |  |  |
|  |  | Page 98, lines 4 - 14 |  |  |
|  |  | Page 102, line 4 through Page 104 line 21 |  |  |
|  |  | Page 107, line 14 - 22 |  |  |
|  |  | Page 108, line 5 - 20 |  |  |
|  |  | Page 111, line 22 through Page 113, line 21 |  |  |
|  |  | Page 117, lines 2 - 18 |  |  |
|  |  | Page 121, line 5 through Page 122, line 4 |  |  |
|  |  | Page 132, line 17 - 24 |  |  |
|  |  | Page 132, line 17 through Page 133, line 15 |  |  |
|  |  | Page 133, lines 2 - 7 |  |  |
|  |  | Page 134, lines 2 - 13 |  |  |
|  |  | Page 139, lines 20 through Page 140, line 25 |  |  |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | Page 142, line 17 through Page 143, line 15 |   |   |
|   |   | Page 159, lines 22 - 25 |   |   |
|   |   | Page 162, line 5 - 8 |   |   |
|   |   | Page 163, line 8 - 23 |   |   |
|   |   | Page 207, line 15 through Page 209, line 19 |   |   |
|   |   |   |   |   |
| 2 | Dorothy Figurowski | Page 13, line 17 through Page 45 line 20 |   |   |
|   |   | Page 44, line 5-11 |   |   |
|   |   | Page 44, line 6 through Page 45 line 20 |   |   |
|   |   | Page 45, lines 12-20 |   |   |
|   |   | Page 55, line 6-25 |   |   |
|   |   | Page 56, line 8-16 |   |   |
|   |   | Page 57, lines 5-17 |   |   |
|   |   | Page 64, lines 15-23 |   |   |
|   |   | Page 69, lines 17 through Page 72 line 5 |   |   |
|   |   | Page 70 lines 15- 25 |   |   |
|   |   | Page 72, line 17 through Page 73 line 6 |   |   |
|   |   | Page 81, line 12-23 |   |   |

|  |  | Page 82 line 24 through Page 85, line 20 |  |  |
|--|--|--|--|--|
|  |  | Page 84, lines 2-22 |  |  |
|  |  | Page 85, line 2-19 |  |  |
|  |  | Page 91 line 13 through Page 92 line 4 |  |  |
|  |  | Page 98, line 4-18 |  |  |
|  |  | Page 102, line 4 through Page 104 line 21 |  |  |
|  |  | Page 115, lines 6-14 |  |  |
|  |  | Page 115, line 22 through Page 117, line 18 |  |  |
|  |  | Page 121 line 18 through Page 122 line 25 |  |  |
|  |  | Page 124, line 22 through Page 125 line 25 |  |  |
|  |  | Page 130, line 22 through Page 137 line 3 |  |  |
|  |  | Page 132, lines 12 -24 |  |  |
|  |  | Page 134, lines 2 -13 |  |  |
|  |  | Page 135, line 22 through Page 136 line 22 |  |  |
|  |  | Page 167, line 19 through Page 168 line 14 |  |  |

|  |  | Page 178, line 10 through Page 179 line 11 |  |  |
|--|--|--|--|--|
|  |  | Page 180, line 9 through Page 187 line 22 |  |  |
|  |  | Page 181, lines 13 -23 |  |  |
|  |  | Page 187, lines 18-22 |  |  |
|  |  | Page 188 lines 5-8 |  |  |
|  |  | Page 189, lines 5 - 22 |  |  |
|  |  | Page 189, line 23 through Page 191, line 12 |  |  |
|  |  | Page 191, line 2-22 |  |  |
|  |  | Page 198, lines 20-24 |  |  |
|  |  | Page 201, line 10 through Page 207, line 25 |  |  |
|  |  | Page 207, line 15 through Page 208 line 22 |  |  |
|  |  | Page 208, line 17 through Page 209 line 23 |  |  |
|  |  | Page 209, line 20 through Page 211 line 11 |  |  |
|  |  | Page 213, lines 11-16 |  |  |
|  |  | Page 215, line 19 through Page 216 line 7 |  |  |
|  |  | Page 224, line 21 through Page 225 line 12 |  |  |

|  |  | Page 225, line 13-20 |  |  |
|--|--|--|--|--|
|  |  | Page 226, lines 4-8 |  |  |
|  |  | Page 225, line 13-20 |  |  |
|  |  | Page 242, line 2 through 243, Line 8 |  |  |
|  |  | Page 262, line 3-15 |  |  |
|  |  | Page 265, lines 19-24 |  |  |
|  |  | Page 277 lines 4-16 |  |  |

## **PLAINTIFFS' EXHIBITS**

1. Plaintiff Roger Figurowski's First Amended Complaint.

2. Plaintiff Dorothy Figurowski's First Amended Complaint

3. Answer to Plaintiff Roger Figurowski's First Amended Complaint.

4. Answer to Plaintiff Dorothy Figurowski's First Amended Complaint.

5. Defendants' Response to Plaintiff Roger Figurowski's First Set of Interrogatories.

6. Defendants' Response to Plaintiff Dorothy Figurowski's First Set of Interrogatories.

7. Defendants' Response to Plaintiff Roger Figurowski's First Request for the Production of Documents.

8. Defendants' Response to Plaintiff Dorothy Figurowski's First Request for the Production of Documents.

9. Email from Emmett Christie to William Christie, Bates Stamp No. 481.

10. Rental Fee documents, bates stamped No. 250

11. Receipts for purchases for Defendants apartment building, bates stamped document No's. 245-249.

12. Emails to Dorothy Figurowski, bates stamped documents No's. 296- 333.

13. Memo to Roger and Dorothy Figurowski, dated September 25, 2013, bates stamped document No. P100.

14. Emails from Plaintiff to Defendants, bates stamped documents P101-117.

15. Email from Plaintiff to John Horyczyn, dated February 7, 2014, bates stamped document P118-119.

16. Email exchange between Plaintiffs and Defendants, dated January 2014, bates stamp No.'s P122-P124.

17. Email exchange between Plaintiffs and Defendants, dated February-March 2014, bates stamp No.'s P125-P127.

**Defendants' Objections to Plaintiffs' Exhibits**

| # | Exhibit Description | Objection | Basis for Objection |
|---|---|---|---|
| 15 | Email from Plaintiff to John Horyczyn, dated February 7, 2014, bates stamped document P118-119. | Hearsay, Authenticity, Relevance | |

**Defendants' Exhibit List**

| # | Exhibit Description | Objection | Basis for Objection |
|---|---|---|---|
| 1 | Roger Figurowski's Amended Complaint. | Relevance | |
| 2 | Defendants' Answer to Roger Figurowski's Amended Complaint. | | |
| 3 | Mortgage note obtained by Roger and Dorothy Figurowski from Greenpoint Mortgage Funding, Inc. filed in the bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York, Index No. 09- BK-73729. | Relevance, Authenticity | |

13

| | | | |
|---|---|---|---|
| 4 | The bankruptcy schedule filed by Roger and Dorothy Figurowski in the bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York, Index No. 09- BK-73729. | Relevance | |
| 5 | The affidavit of income filed by Dorothy Figurowski, certifying her occupation as a homemaker, in the bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York, Index No. 09- BK-73729. | Relevance | |
| 6 | October 29, 2013 e-mail from Plaintiff stating the new boilers installed at the Greenbrier Luxury Garden Apartments complex was too high tech for the Plaintiff. (Bates 765). | | |
| 7 | December 24, 2012, check stubs identifying a Christmas bonus of one weeks' wages to Plaintiff. (Bates 190). | | |
| 8 | July 17, 2013 check to Dorothy Figurowski in the sum of $800.00 for four rented apartments. (Bates 703). | | |

| | | | |
|---|---|---|---|
| 9 | Check stubs identifying the sum total of $2,400.00, paid to Dorothy Figurowski by Robert Thek for assisting in the rental of 12 apartments. (Bates 245-49). | | |
| 10 | An invoice for $350.00 provided to Robert Thek by Dorothy Figurowski for her three sons shoveling snow during a blizzard. (Bates 702). | | |
| 11 | An invoice for Roger Figurowski's, car insurance provided to Robert Thek by Dorothy Figurowski. (Bates 701). | Relevance, Authenticity | |
| 12 | August 12, 2013, e-mail correspondence from Defendant, Emmet Christie, to Dorothy Figurowski advising that the bonus arrangement that she had worked out with Robert Thek, to perform the rental work, that was part of Roger Figurowski's job responsibilities, had not been approved by Defendant, Marbil, and would cease immediately. (Bates 693). | | |
| 13 | December 27, 2013, check stubs identifying a Christmas bonus of one weeks' wages to Plaintiff. (Bates 190). | | |

15

| | | | |
|---|---|---|---|
| 14 | January 27, 2014, letter from the Defendants to Roger Figurowski advising that the unauthorized occupancy and illegal wiring of apartment 311-3 were illegal and extremely hazardous to the tenants of the entire building and put Roger Figurowski on notice that Defendant, Marbil, was evaluating his future employment status and notifying him that a decision would be rendered based on the serious infractions. (Bates 501). | | |
| 15 | April 15, 2014, invoice from Island Professional for service charge for repairing pump on master boiler installed backwards. (Bates 485). | Relevance, Authenticity | |
| 16 | Four photographs of the repair of the illegal pass through from apartment 311-2 to 311-3. (Bates 360-363). | Authenticity | |
| 17 | May 2, 2014, letter from the Defendants to Roger Figurowski advising of the termination of his employment with severance package schedule of payments and copies of severance checks. (Bates 478-80). | | |

16

| | | | |
|---|---|---|---|
| 18 | Photograph of washing machine area in the storage room occupied by Plaintiff. (Bates 260). | Authenticity | |
| 19 | Photograph of personal belongings of Plaintiff. (Bates 261). | Relevance, Authenticity | |
| 20 | Five photographs of the exercise room occupied by Plaintiff. (Bates 288-292). | Relevance, Authenticity | |
| 21 | June 2, 2014 correspondence from plaintiff's counsel. (Bates 453). | Relevance, Hearsay | |
| 22 | June 10, 2014 correspondence from plaintiff's counsel. (Bates 459). | Relevance, Hearsay | |
| 23 | June 16, 2014, Email correspondence between Plaintiff and Defendant, Emmet P. Christie. (Bates 461). | | |
| 24 | Dorothy Figurowski's Amended Complaint. | | |
| 25 | Deposition transcript of Dorothy Figurowski. | Relevance | |
| 26 | Defendants' discovery demands served upon Roger and Dorothy Figurowski. | | |
| 27 | Roger and Dorothy Figurowski's respective and collective discovery responses and document production. | | |

17

| 28 | Deposition transcript of Roger Figurowski. | Relevance | |
| 29 | Deposition transcript of Dorothy Figurowski. | Relevance | |

## RELIEF SOUGHT

**Plaintiffs**

 Unpaid wages and other compensation duly owed to Plaintiff Dorothy Figurowski for worked performed for Defendants, throughout the entirety of her employment, plus pre- and -post judgment interest, and liquidated damages.

 Lost wages, back pay, front pay, and all employee benefits Plaintiff Roger Figurowski would have received, but for, his unlawful termination, plus pre- and -post judgment interest, and liquidated damages.

**Defendant**

 The Defendants, Marbil Investors, LLC, William J. Christie, and Emmett Christie respectfully request that the Plaintiff's complaint be dismissed with prejudice, together with such other and further relief as the Court deems just and proper.

**SO ORDERED.**

                         _____
                                U.S.D.J.

Dated: Central Islip, New York

   _____, 2017